(Rev. 5/05)

## FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
## UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

(1) Raymond L. BRUTON, SBI#069025
   (Name of Plaintiff)     (Inmate Number)

_____
   (Complete Address with zip code)

(2)_____
   (Name of Plaintiff)     (Inmate Number)

_____
   (Complete Address with zip code)

(Each named party must be listed, and all names
must be printed or typed.  Use additional sheets if needed)

             vs.

(1)Counselor Dough Petiford

(2)Supervisor Kathy Doatelli

(3)Director Jay Sylvester
        (Names of Defendants)

(Each named party must be listed, and all names
must be printed or typed.  Use additional sheets if needed)

:
:
:
:
:
:
:
:       **0 6 - 7 4 3**
: _____
:      (Case Number)
:    ( to be assigned by U.S. District Court)
:
:
:
:
:
:      **CIVIL  COMPLAINT**
:
:
:
:    • •  Jury Trial Requested
:
:
:

## I.  PREVIOUS LAWSUITS

A.    If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

Civ. No. 00ev-01032, JJF, 2000, December

_____

_____

_____

_____

_____

## Addicitional Defendants

Russel D. Buskirk
CiviGenics- Delaware State Office
300 Water Street
Dover Delaware 19904


Warden Raphael Williams
H.R.Y.C.I
PO Box 9561
Wilmington, DE 19809


Mr. Stanley Taylor
Commissioner OF Prison
245 Mckee Road
Dover, DE 19904

**II.    EXHAUSTION OF ADMINISTRATIVE REMEDIES**

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A.    Is there a prisoner grievance procedure available at your present institution?   • •Ỹes   • •No

B.    Have you fully exhausted your available administrative remedies regarding each of your present claims?   • •Yes   • •No

C.    If your answer to "B" is Yes:

1. What steps did you take? Wrote a Grievance, Wrote to Warden
Raphael Williams, Wrote to State Director Russel
D. Buskirk, and Wrote to Director Jay Sylvestor
2. What was the result? _____

_____

D.    If your answer to "B" is No, explain why not: _____

_____

**III.    DEFENDANTS** (in order listed on the caption).

(1) Name of first defendant: Counselor Dough Petiford

Employed as Counselor, Sr.,       at H.R.Y.C.I.

Mailing address with zip code: P.O. Box 9561, Wilmington, DE 19809

_____

(2) Name of second defendant: Kathy Doatelli

Employed as Supervisor       at H.R.Y.C.I.

Mailing address with zip code: P.O. Box 9561, Wilmington, DE 19809

_____

(3) Name of third defendant: Jay Sylvester

Employed as Director Key Program at H.R.Y.C.I.

Mailing address with zip code: P.O. Box 9561, Wilmington, DE 19809

_____

(List any additional defendants, their employment, and addresses with zip codes, on extra sheets if necessary)

2

## Statement OF Facts

On March 16, 2006, on a Thursday Evening during Petitioners stay in the Key Program, located at H.R.Y.C.I., resident Raymond L. Bruton and resident Kyle Pianka had an argument at the deep sink were all the residents wash their bowls,get their hot water, and wash their laundry.

On this particular evening, resident Bruton was shaving his head, using the main faucet and resident Kyle Pianka approached to use the 190 faucet to heat up his soup.

Because of a disagreement with another resident James Duffy, resident Kyle had an attitude toward resident Bruton, all the above residents are white, except resident Bruton.

Resident Kyle told a white resident," excuse me he wanted to use the hot water faucet, and saw resident Bruton using the other side of the sink, an having this resentment against Bruton, he deléberately ignored resident Bruton and push his bowl under the hot water faucet preceeding to obtain his water.

Resident Bruton observe all of the movement, an said" why did n't you say excuse me to him", and Kyle immediately began to argue. They both started to argue, " saying each other was wrong and the other was not right, they both said" I could call you a Nigger, for the way that your acting, and the other said" I could call you a cracker for the way that you are acting.

Resident Bruton decided enough was enough and told resident Kyle in such words, and demanded that they both had said enough.

After about 3to5 minutes of arguing, it was over, however, the bystanders, one in particular, resident Carl Howser, was inflamed about the arghment, his anger was beyond control.

Resident Bruton wrote a Grievance, resident has not recieved a reply from Sgt, Moody.

Resident Bruton, wrote Warden Raphael Williams IV complaing about the incident which happened on March 21, 2006,. Resident recieved a Memorandum from the Warden advising resident his complaint was sent to Director Jay Sylvester for a response on March 2⦵, 2006.

Resident further wrote to State Director Russel Buskirh of CiviGenics, com
plaining about the Double Jeopardy being applied in the Punishment resident re—
cieved on March 22, 2006, and the reciept of the Punishment and Discrimination
and racism for not including resident Duncan and resident Kyle, whom are white
resident in the Key Program, whom are directly involved.

On Thursday morning, resident was in the law library working on his case
when Director Jay Sylvestor knock on the library door, once let in , he told
resident Bruton to come along with him, resident was leaving his legal work on
the table, Director Sylvestor furhher said" you better not leave your paper
work, resident took his legal work along with Director Sylvestor, as they prec-
eeded to Dorm# 1. As, resident walk with Director Sylvestor, resident asked D
Director Sylvestor, why did he tell resident the incident was going to be re-
solved in the residents favor, canceling the LE resident had recieved, Direct
or Sylvestor said" Its about you, not about someone else, as I complained as w
we walked toward the Dorm# 1. Resident said " no one else recieved any Account
ability, Director Sylvestor further said" Work through it", resident said"
what about the other men which are white, Resident states he is being discrim-
inated against while he's being held accountable and they did the exact same—
thing and nothing is being said or done to them. They are being patted on the
back for a job well done.

As, of April 3, 2006, resident is still on the LE and and several men which
were on LE'S for far less and more, which were placed on the LE on the same
date are off.

Counselor Dough checked residents Essays an the LE work and still kept him
on the LE and finally around the hour 10 or 10:30 AM, DOC moved resident to
Dorm# 2 , for absolutely nothing. AS this statement of Facts are being pre-
pared, resident is sitting on the top bunk in Dorm# 2.

And, on April 5, 2006, Supervisor Frank, removed Petitioner from the LE
and placed resident in Orientation for one week, then one week, phase 1, one
week in phase 2, then back in phase 3, where Petitioner was originally on
March 20, 2006.

No accountability was placed upon any of the residents which were involved in the incident, Bruton, Kyle and Duncan were in. Therefore, Petitioner states this matter was handle very racist and discriminatory  toward Petitioner, which was blatant and outrageous violations, as far as his civil rights are concern. Including intimindation by c/o Burns, and this Key Program, reeks of racial discrimination toward the black residents.

On Monday April 10, 2006, resident Bruton wsa releaved of going to Orientation and was placed back into Phase 3 where resident was on March 20, 2006,. Resident week of Orientation ended and the Supervisor here in Dorm# 2 cancelled all of the remaining accountability.

On Tuesday, April 11, 2006, Director Jay Sylvestor, came to the dorm# 2 , to discuss the Grievance resident Bruton wrote on March 22, 2006,.

The Grievance is going to run its course, resident will not sign off on it.

Counselor Dough is now in Dorm# 2, at this moment, first time resident has ever seen him hanging around Dorm# 2, the entire 8 months resident has been in the Key Program.

Raymond L. Bruton
SBI# 069025 Unit Dorm#2
H.R.Y.C.I.
P.O. Box 9561
Wilmington, DE 19809

Dated: December 5, 2006

## **Learning Experience Form**

Name: RAYMOND BRUTON   SBI #: _____   Phase: III

Behavior Observed By: D. PETTIFERD   Date & Time: 3/20/06

Describe the Unacceptable Behavior:

DISRESPECT TOWARD ANOTHER
COMMUNITY MEMBER. USE OF PROFANITY.

---

### **Behavior Intervention Section**

This section is be completed by primary counselor in constitution with unit team. ALL LEARNING
EXPERIENCES MUST BE APPROVED BY THE PROGRAM DIRECTOR PRIOR TO IMPLEMENTATION.

Behavioral Intervention Options: (check/describe all that applies)

( ✓ ) Workaround: TO INTERVIEW 20 PEERS. DOCUMENT EACH, ASKING FOR ADVICE /SUGGESTION ON HOW TO BE MORE RESPECTFUL IN THE COMMUNITY. (READ).

( ✓ ) Extra Work Detail: COMPLETE 20 HRS. OF COMMUNITY SERVICE. TOP TO MONITOR.

( ) Announcement: COMPLETE A 500 WORD ESSAY TOPIC: WHY I SHOULD RESPECT MY PEERS. READ TO ENTIRE COMMUNITY. (M/M.)

( ) Growth Report:

( ✓ ) Restriction: NO BOARD GAMES, CARDS OR T.V. NO LAYING DOWN DURING REFLECT TIME ALSO NO COMMISSARY ON 3/24/06 & 3/28/06

( ✓ ) Setback: RETURN TO PHASE I UNTIL FURTHER NOTICE. RETAKE EACH TEST FOR MOVEMENT TO NEXT PHASE.

( ) Decision Seat:

The Unit Team and the primary counselor will review the above behavioral intervention on __3/28/06__.
While on a learning experience, you are not eligible for a phase change. Failure to comply with the above behavioral
intervention may result in program discharge.

_Raymond L. Bruton_          _Pett_
Individual's Signature    Date    Primary Counselor's Signature

_Kathy Donately_   MSW CAAC
Supervisor's Signature


**CiviGenics** Key/Crest/Aftercare Correctional Recovery Programs

April 3, 2006

Civigenics – DE State Office
300 Water St.
Dover DE, 19904

Raymond Bruton (SBI # 069025)
Howard R. Young Correctional Institution
1301 East 12th Street
Wilmington, DE 19802

Dear Mr. Bruton,

The Civigenics State office in Delaware is in receipt of your letter on 3/31/06.

A copy of your correspondence has been forwarded to the appropriate program director at the site for appropriate review and response.

As indicated in the Conflict Resolution Policy, all complaints must be first forwarded to your counselor, then to the Clinical Supervisor and finally to the Program Director, before any response by the State Director.

Upon the State office's receipt of a response from the Program Director, and depending on the merits or issues outlined in your complaint, a response may be generated to address or resolve your concerns.

Thank you and best of luck in your recovery efforts.

Sincerely,

Russel D. Buskirk, LCSW, LCDP, CADC, NCGC1
DE State Director – Civigenics, Inc.

cc: Jay Sylvester, Program Director, Key North

Delaware State Administrative Office
300 Water Street, Dover, DE 19904
(302) 739-1537 • Fax: (302) 739-1536



Raymond L. Bruton
SBI# 069025 Unit Dorm# 1
H.R.Y.C.I.
P.O. Box 9561
Wilmington, DE 19809

March 28, 2006

Mr. Russel Buskirh
State Directory
CiviGenics
300 Waters Street
Dover, DE 19904

RE: Double Jeopardy Being Applied In Punishment:

Dear Mr. Buskirh;

    May this letter arrive to find you in Peace.

    On 3/20/06 Counselor Dough Petiford and Supervisor Kathy Do-
atelli, was informed there had been a problem in the Key Program
on Thursday, March 16, 2006, and Saturday, March 18, 2006, by res
idents, top of the house.

    However, counselor Mclean, and Counselor Neal had satisfied
the CiviGenic approach to alternative corrective measure, by deal-
ing with the situation and recording in the log book, as require
by CiviGenic, each and everyday of business, to let everyone
know the situation had been througly investigated and terminated.

    Furthermore, all parties involved, Counselor Neal, Counselor
Mclean, Resident Kyle, Resident Dunncan, and Resident Bruton, in
their cubicle all came to an understanding, shook hands, and went
on their way.
    On Wednesday morning, at moring meeting, Counselor Dough Peti
ford, called resident Bruton, some rather terrible names and de-
manded resident to come before the entire Key Program, and re-
cieved his accountability for Disrespect toward another community
member, use of profanity.

    As such, resident tried to explain his side of the story,
which has never been allowed to be accomplish, because, Counselor
Dough refused to acknowledge anything resident had to say.

    On Sunday morning, March 26, 2006, resident spoke with Coun-
selor Neal, explaining what Counselor Dough and Supervisor Kathy
had place on him in the terms of accountability for an incident
Ms. Neal had dealt with.

Counselor Neal was surprised to find out that Supervisor Kathy and Counselor Dough gave resident accountability for the incident between resident Kyle, resident Dunncan, and resident Bruton.

Counselor Neal further said" she could not understand what has taken place, because she and  Counselor Mclean, recorded all their procedure in the daily log book, and for them to do more, she has not the slightest idea why.

Counselor Neal advise me to write to you, requesting your name and address from Director Sylvester, because she did not want to vidlate any procedure, which I have done, and your name and address was given to me by Counselor Dough on Monday, March 27, 2006.

I'm praying that you will step into this process and give your opinion as a final resolution to my complaint.

Resident will be awaiting a reply to this letter, thanks.

Sincerely Yours,

Raymond L. Bruton

# Howard R. Young Correctional Institution
## Inter-Dept. Memo

TO: *Raymond Bruton, Dorm #1*

FROM:          Sgt. M. Moody, Inmate Grievance Chair

DATE:   *4/7/06*

RE:            GRIEVANCE # *06 -29806*

Please be advised that your grievance has been received in the office of the

Grievance Chair regarding *Counsellor Petiford* .

If no one contacts you for an informal resolution or if your grievance can not

be resolved informally, you will automatically be scheduled for a grievance

hearing before the Resident Grievance Committee (RGC). Please keep in

mind your grievance is only one of numerous others received in this office

on a daily basis.

Thank you for your patience.

**FORM  #584**

**GRIEVANCE FORM**

FACILITY: _H.R.Y.C I_

GRIEVANT'S NAME: _Raymond L. Breton_

CASE#: _____

HOUSING UNIT: _DDem #1_

DATE: _March 22, 2006_

SBI#: _069025_

TIME OF INCIDENT: _9:30 AM_

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED
IN THE INCIDENT OR ANY WITNESSES.

_ON Wednesday morning, counselor Dough accused I'm Breton_
_of manly violations of the Key program, and never allowed Resident_
_to address any of his accusation, Resident Breton was in phase_
_3 with approximate 2 months to go, he was placed in phase #1 without_
_any attempt at obtaining his side of a racial issude._
_All the men involved in this situation was white and Resident_
_states this is not the way it should go._
_Resident was placed on violations of Rules that were dismissed_
_by counselor Mclean and counselor Neal, A Lynching was held_
_this morning in the Key program, and it was meant to destroy Resident_
_Breton._

ACTION REQUESTED BY GRIEVANT: _Investigate why counselor Dough tried_
_to assassinate Residence Breton character and Lietical Resident_
_without allowing Resident to defend him self in any way. Investigate_
_how counselor Mclean and counselor Neal had dismissed these incidents_
_and counselor Dough and Super user Rattay ignored that procedure and cantly_
_upon me._

GRIEVANT'S SIGNATURE: _Raymond L. Breton_    DATE: _March 22, 2006_

WAS AN INFORMAL RESOLUTION ACCEPTED?        _____(YES)    _____(NO)

(COMPLETE  ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE:_____    DATE:_____

**IF UNRESOLVED, YOU ARE  ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.**

cc: **INSTITUTION FILE**
     **GRIEVANT**

April '97 REV

## Instructions for Submitting a Regular Grievance

Inmates are required, per DOC Procedure 4.4 [Inmate Grievance Procedure] to attempt to resolve complaints prior to filing a regular grievance. Grievances are to be submitted within seven(7) days from the date of the occurance or incident or within seven days after the inmate became aware of the incident. The grievance is to be placed in the grievance box located in each housing unit.

Only one issue per grievance form will be addressed. If the grievance is submitted on a weekend or a holiday, it will be recieved during the next working day.

---

### Return of Unprocessed Grievance

Intake Action: This Grievance Form is being returned to the inmate under the provisions outlined in DOC Procedure 4.4 "Inmate Grievance Procedure" for the following reason(s):

_____  **Vulgar/Abusive or Threatening Language.** The language that is unacceptable has been highlighted. The grievance may be resubmitted omitting this language.

_____  **Non-Grievable.** This issue has been defined as non-grievable in accordance with DOC Policy 4.4. These procedures have their own appeal process that must be followed.      _____ Disciplinary Action        _____ Parole Decision
                    _____ Classification Action

_____  **Request.** Requests are not processed through the grievance procedure. Please correspond with the appropriate office to secure the information that is requested.

_____  **Duplicate Grievance(s).** This issue has been addressed previously in Grievance #_____.

_____  **Original Grievances must be submitted to the Inmate Grievance Chairperson.** Photocopies are not accepted.

_____  **Inquiry on behalf of other inmates.** Inmates cannot submit grievances for other inmates.

_____  **Expired filing period.** Grievance exceeds seven(7) days from date of occurrence.

_____                    _____
Inmate Grievance Chairperson                                              Date

Form#: 584 (F&B)
(Reverse Revised July '99)

## IV. STATEMENT OF CLAIM

(State as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets of paper if necessary.)

1.      See Attached Statement of Claim:

2.      See Attached Statement of Claim:

3.      See Attached Statement of Claim:

## V. RELIEF

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

1.      Plaintiff respectfully request of the Court to be compensated and request puntive damages against the defendants for the violation of the 5th Amendment which twice put Plaintiff in jeopardy of life orlimb and was deprived of due process.

3

2.     Furthermore, under the VIII Amendment Plaintiff was treated with cruel and unusual punishment.

3.     And finally, defendants denied Plaintiff in the Key Program North, of life, Liberty or property, without due process of law, and denied Plaintiff within its jurisdiction the equal protection of the law.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _5_ day of _December_, 2006.

_Raymond L. Bruton_
(Signature of Plaintiff 1)

_____
(Signature of Plaintiff 2)

_____
(Signature of Plaintiff 3)

4