IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAYMOND L. BRUTON,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNSELOR DOUGH PETIFORD,<br>SUPERVISOR KATHY DOATELLI,<br>DIRECTOR JAY SYLVESTER,<br>RUSSEL D. BUSKIRK, WARDEN<br>RAPHAEL WILLIAMS, and<br>COMMISSIONER STANLEY W.<br>TAYLOR,<br><br>  Defendants. | )<br>)<br>)<br>)<br>) Civil Action No. 06-743-SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

At Wilmington this 16th day of April, 2007, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the claims against defendants Russel D. Buskirk, Warden Raphael Williams, and Stanley Taylor are dismissed, without prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and § 1915A, for the reasons that follow:

1. **Background.** Plaintiff Raymond L. Burton, an inmate at the Howard R. Young Correctional Institution, filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review.** When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for

screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3. The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

4. **Discussion.** Plaintiff, who is black, alleges that on March 16, 2006, he was involved in an argument with several white participants in the Key Program. Plaintiff alleges he was the victim of discrimination because he was disciplined as a result of the argument, but the white participants were not. Defendants Dough Petiford ("Petiford") and Katy Doatelli ("Doatelli") signed off on "behavioral intervention" and found plaintiff accountable for the incident. (D.I. 2, Ex.) Plaintiff made a written complaint to Warden Raphael Williams ("Warden Williams") who forwarded the complaint to defendant Jay Sylvester ("Sylvester"), Key North Program Director. Plaintiff confronted Sylvester about

the incident and was told, "it's about you, not about someone else." Plaintiff also made a written complaint to the state director of CiviGenics, Russel Buskirk ("Buskirk"), who advised plaintiff of the procedure to follow when making a complaint. Also named as a defendant is former Commissioner Stanley Taylor. ("Commissioner Taylor").

5. **Personal Involvement/Respondeat Superior.** A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir. 1978)). Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Finally, Fed. R. Civ. P. 8(a) provides that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. The complaint contains no allegations directed towards Commissioner Taylor and, therefore, the court will dismiss the claims against him.

6. Further, it appears that plaintiff seeks to hold Warden Williams and Buskirk liable on the basis of their supervisory positions. Supervisory liability cannot be imposed under 1983 on a respondeat superior theory. See Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." Sample

v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)).

7. There is nothing in the complaint to indicate that Warden Williams or Buskirk were the driving force behind the conduct described in plaintiff's allegations. More so, the complaint does not indicate that they were aware of plaintiff's allegations and remained "deliberately indifferent" to his plight. Sample v. Diecks, 885 F.2d at 1118. Rather, when alerted of plaintiff's complaints both defendants took action to remedy plaintiff's concerns. Therefore, the court will dismiss without prejudice the claims against Warden Williams or Buskirk pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

8. **Conclusion.** Based upon the foregoing analysis, the claims against defendants Russel D. Buskirk, Warden Raphael Williams, and Commissioner Stanley W. Taylor are dismissed, without prejudice, as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and § 1915A. Plaintiff may proceed with his equal protection/race discrimination claim against defendants Dough Petiford, Kathy Doatelli, and Jay Sylvester.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff has provided to the clerk of the court **original** "U.S. Marshal-285" forms for **defendants Dough Petiford, Kathy Doatelli, and Jay Sylvester,** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). **Plaintiff has also provided the court with copies of**

**the complaint (D.I. 2) for service upon defendants and the attorney general.**

3. The United States Marshal shall forthwith serve a copy of the complaint (D.I. 2), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) so identified in each 285 form.

4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** *** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28

U.S.C. §1915(e)(2) and § 1915A(a). \*\*\*

8. **NOTE:** \*\*\* Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. \*\*\*

_____
UNITED STATES DISTRICT JUDGE