IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RAYMOND L. BRUTON, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 06-743- SLR |
| | ) | |
| v. | ) | |
| | ) | |
| COUNSELOR DOUGH PETIFORD, | ) | TRIAL BY JURY |
| SUPERVISOR KATHY DOATELLI, | ) | OF SIX DEMANDED |
| DIRECTOR JAY SYLVESTER, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS
PURSUANT TO F.R.C.P. 12(b)(6)**

Defendants, Dough Petiford, Kathy Doatelli and Jay Sylvester, by and through their undersigned counsel, hereby file this Motion to Dismiss and in support thereof avers as follows:

1. Pro Se inmate Plaintiff Bruton filed the instant complaint on December 7, 2006 setting forth claims of purported violations of his civil rights while incarcerated at the Howard R. Young Correctional Institution. A true and correct copy of Plaintiff's Complaint is attached hereto marked Exhibit "A".

2. Following the Court's review of Plaintiff's Complaint, on April 16, 2007, the Court issued a Memorandum Order dismissing all claims against all defendants, except Defendants Dough Petiford, Kathy Doatelli and Jay Sylvester, the Moving Defendants herein.

3. Pursuant to This Court's Order dated April 16, 2007, Plaintiff's Claims against the Moving Defendants are permitted to proceed, based upon Equal Protection and/or racial discrimination.

4.	For the reasons set forth in the Moving Defendants' Memorandum of Law, incorporated by reference herein as though set forth in full, Plaintiff's allegations for equal protection/race discrimination fail to state a claim for which relief may be granted.

5.	In order to bring a claim for purported civil rights violations, a prisoner must first exhaust all administrative remedies, including appeals thereof, before bringing a claim.

6.	Plaintiff failed to exhaust his administrative remedies, and therefore, his claims must be dismissed, as a matter of law.

7.	Plaintiff has failed to set forth a meritorious claim for a purported violation of the Equal Protection clause.

WHEREFORE, Defendants Dough Petiford, Kathy Doatelli and Jay Sylvester requests that Plaintiff's Complaint be dismissed, as a matter of law.

Reger Rizzo Kavulich & Darnall LLP

By:	*/s/ Rochelle Libid Gumapac*
Rochelle Libid Gumapac, Esquire
Bar I.D. No. 4866
Suite 202
1001 Jefferson Street
Wilmington, DE 19801
(302) 652-3611 (phone)
(302) 652-3620 (fax)
rgumapac@rrkdlaw.com
Attorneys for Defendant,
Jay Sylvester

Dated: June 15, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RAYMOND L. BRUTON, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 06-743- SLR |
| | ) | |
| v. | ) | |
| | ) | |
| COUNSELOR DOUGH PETIFORD, | ) | TRIAL BY JURY |
| SUPERVISOR KATHY DOATELLI, | ) | OF SIX DEMANDED |
| DIRECTOR JAY SYLVESTER, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

AND NOW, this ____ day of _____, 2007, upon consideration of Defendant Petiford, Doatelli and Sylvester's Motion to Dismiss and Plaintiff's response thereto, if any, it is hereby ORDERED and DECREED that said Motion is GRANTED and Plaintiff's Complaint is dismissed, with prejudice.

By The Court:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RAYMOND L. BRUTON, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 06-743- SLR |
| | ) | |
| v. | ) | |
| | ) | |
| COUNSELOR DOUGH PETIFORD, | ) | TRIAL BY JURY |
| SUPERVISOR KATHY DOATELLI, | ) | OF SIX DEMANDED |
| DIRECTOR JAY SYLVESTER, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I, Rochelle Gumapac, Esquire hereby certify that on the 15th day of June 2007 a true and correct copy of Defendants Dough Petiford, Kathy Doatelli and Jay Sylvester's Motion to Dismiss was served via first class mail with postage prepaid upon:

Raymond L. Bruton
SBI #069025
Unit 2-Q-21
H.R.Y.C.I.
PO Box 9561
Wilmington, DE 19809

          Reger Rizzo Kavulich & Darnall LLP

By:   */s/ Rochelle Libid Gumapac*
      Rochelle Libid Gumapac, Esquire
      Bar I.D. No. 4866
      Suite 202
      1001 Jefferson Street
      Wilmington, DE 19801
      (302) 652-3611 (phone)
      (302) 652-3620 (fax)
      rgumapac@rrkdlaw.com
      Attorneys for Defendant,
      Jay Sylvester

Dated: June 15, 2007

EXHIBIT "A"

(Rev. 5/05)

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

(1) <u>Raymond L. BRUTON,</u>   <u>SBI#069025</u>
    (Name of Plaintiff)        (Inmate Number)

_____
(Complete Address with zip code)

(2) _____
    (Name of Plaintiff)        (Inmate Number)

_____
(Complete Address with zip code)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

vs.

(1) <u>Counselor Dough Petiford</u>

(2) <u>Supervisor Kathy Doatelli</u>

(3) <u>Director Jay Sylvester</u>
    (Names of Defendants)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

06 - 743
(Case Number)
( to be assigned by U.S. District Court)

CIVIL COMPLAINT

• • Jury Trial Requested

I.   PREVIOUS LAWSUITS

   A.   If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number
        including year, as well as the name of the judicial officer to whom it was assigned:

        <u>Civ. No. 00cv-01032, JJF, 2000, December</u>
        _____
        _____
        _____
        _____
        _____

Addictional Defendants

Russel D. Buskirk
CiviGenics- Delaware State Office
300 Water Street
Dover Delaware 19904


Warden Raphael Williams
H.R.Y.C.I
PO Box 9561
Wilmington, DE 19809


Mr. Stanley Taylor
Commissioner OF Prison
245 Mckee Road
Dover, DE 19904

II.  **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A.  Is there a prisoner grievance procedure available at your present institution?  ··Yes̶(X)  ··No

B.  Have you fully exhausted your available administrative remedies regarding each of your present claims?  ··Yes̶(X)  ··No

C.  If your answer to "B" is Yes:

   1. What steps did you take? Wrote a Grievance, Wrote to Warden Raphael Williams, Wrote to State Director Russel D. Buskirk, and Wrote to Director Jay Sylvestor
   2. What was the result? _____

D.  If your answer to "B" is No, explain why not: _____

III. **DEFENDANTS** (in order listed on the caption)

(1) Name of first defendant: Counselor Dough Petiford

Employed as Counselor, Sr.,  at H.R.Y.C.I.

Mailing address with zip code: P.O. Box 9561, Wilmington, DE 19809


(2) Name of second defendant: Kathy Doatelli

Employed as Supervisor  at H.R.Y.C.I.

Mailing address with zip code: P.O. Box 9561, Wilmington, DE 19809


(3) Name of third defendant: Jay Sylvester

Employed as Director Key Program  at H.R.Y.C.I.

Mailing address with zip code: P.O. Box 9561, Wilmington, DE 19809

(List any additional defendants, their employment, and addresses with zip codes, on extra sheets if necessary)

2

## Statement OF Facts

On March 16, 2006, on a Thursday Evening during Petitioners stay in the Key Program, located at H.R.Y.C.I., resident Raymond L. Bruton and resident Kyle Pianka had an argument at the deep sink were all the residents wash their bowls, get their hot water, and wash their laundry.

On this particular evening, resident Bruton was shaving his head, using the main faucet and resident Kyle Pianka approached to use the 190 faucet to heat up his soup.

Because of a disagreement with another resident James Duffy, resident Kyle had an attitude toward resident Bruton, all the above residents are white, except resident Bruton.

Resident Kyle told a white resident," excuse me he wanted to use the hot water faucet, and saw resident Bruton using the other side of the sink, an having this resentment against Bruton, he deliberately ignored resident Bruton and push his bowl under the hot water faucet preceeding to obtain his water.

Resident Bruton observe all of the movement, an said" why did n't you say excuse me to him", and Kyle immediately began to argue. They both started to argue, " saying each other was wrong and the other was not right, they both said" I could call you a Nigger, for the way that your acting, and the other said" I could call you a cracker for the way that you are acting.

Resident Bruton decided enough was enough and told resident Kyle in such words, and demanded that they both had said enough.

After about 3to5 minutes of arguing, it was over, however, the bystanders, one in particular, resident Carl Howser, was inflamed about the arghment, his anger was beyond control.

Resident Bruton wrote a Grievance, resident has not recieved a reply from Sgt, Moody.

Resident Bruton, wrote Warden Raphael Williams IV complaing about the incident which happened on March 21, 2006,. Resident recieved a Memorandum from the Warden advising resident his complaint was sent to Director Jay Sylvester for a response on March 28, 2006.

Resident further wrote to State Director Russel Buskirh of CiviGenics, complaining about the Double Jeopardy being applied in the Punishment resident recieved on March 22, 2006, and the reciept of the Punishment and Discrimination and racism for not including resident Duncan and resident Kyle, whom are white resident in the Key Program, whom are directly involved.

On Thursday morning, resident was in the law library working on his case when Director Jay Sylvestor knock on the library door, once let in , he told resident Bruton to come along with him, resident was leaving his legal work on the table, Director Sylvestor furbher said" you better not leave your paper work, resident took his legal work along with Director Sylvestor, as they preceeded to Dorm# 1. As, resident walk with Director Sylvestor, resident asked D Director Sylvestor, why did he tell resident the incident was going to be resolved in the residents favor, canceling the LE resident had recieved, Director Sylvestor said" Its about you, not about someone else, as I complained as w we walked toward the Dorm# 1. Resident said " no one else recieved any Account ability, Director Sylvestor further said" Work through it", resident said" what about the other men which are white, Resident states he is being discriminated against while he's being held accountable and they did the exact samething and nothing is being said or done to them. They are being patted on the back for a job well done.

As, of April 3, 2006, resident is still on the LE and and several men which were on LE'S for far less and more, which were placed on the LE on the same date are off.
Counselor Dough checked residents Essays an the LE work and still kept him on the LE and finally around the hour 10 or 10:30 AM, DOC moved resident to Dorm# 2 , for absolutely nothing. AS this statement of Facts are being prepared, resident is sitting on the top bunk in Dorm# 2.
And, on April 5, 2006, Supervisor Frank, removed Petitioner from the LE and placed resident in Orientation for one week, then one week, phase 1, one week in phase 2, then back in phase 3, where Petitioner was originally on March 20, 2006.

No accountability was placed upon any of the residents which were involved in the incident, Bruton, Kyle and Duncan were in. Therefore, Petitioner states this matter was handle very racist and discriminatory toward Petitioner, which was blatant and outrageous violations, as far as his civil rights are concern. Including intimindation by c/o Burns, and this Key Program, reeks of racial discrimination toward the black residents.

On Monday April 10, 2006, resident Bruton wsa releaved of going to Orientation and was placed back into Phase 3 where resident was on March 20, 2006,. Resident week of Orientation ended and the Supervisor here in Dorm# 2 cancelled all of the remaining accountability.

On Tuesday, April 11, 2006, Director Jay Sylvestor, came to the dorm# 2 , to discuss the Grievance resident Bruton wrote on March 22, 2006,.

The Grievance is going to run its course, resident will not sign off on it.

Counselor Dough is now in Dorm# 2, at this moment, first time resident has ever seen him hanging around Dorm# 2, the entire 8 months resident has been in the Key Program.

Raymond L. Bruton
SBI# 069025 Unit Dorm#2
H.R.Y.C.I.
P.O. Box 9561
Wilmington, DE 19809

Dated: December 5, 2006

302 577 3266        Public Defenders Office                           07:46:43   05-03-2007        11 /32

## Learning Experience Form

Name: RAYMOND BRUTON   SBI #: _____   Phase: III
Behavior Observed By: D. PETTIFORD   Date & Time: 3/20/06

Describe the Unacceptable Behavior:
DISRESPECT TOWARD ANOTHER COMMUNITY MEMBER. USE OF PROFANITY.

### Behavior Intervention Section

This section is be completed by primary counselor in constitution with unit team. ALL LEARNING EXPERIENCES MUST BE APPROVED BY THE PROGRAM DIRECTOR PRIOR TO IMPLEMENTATION.

Behavioral Intervention Options: (check/describe all that applies)

(✓) Workaround: TO INTERVIEW 20 PEERS, DOCUMENT EACH, ASKING FOR ADVICE/SUGGESTION ON HOW TO BE MORE RESPECTFUL IN THE COMMUNITY. (READ).

(✓) Extra Work Detail: COMPLETE 20 HRS. OF COMMUNITY SERVICE, TOP TO MONITOR.

COMPLETE A 500 WORD ESSAY TOPIC: WHY I SHOULD RESPECT MY PEERS.

( ) Announcement: READ TO ENTIRE COMMUNITY. (M.M.)

( ) Growth Report:

(✓) Restriction: NO BOARD GAMES, CARDS OR T.V. NO LAYING DOWN DURING REFLECT TIME ALSO NO COMMISSARY ON 3/21/06 3/28/06

(✓) Setback: RETURN TO PHASE I UNTIL FURTHER NOTICE, RETAKE EACH TEST FOR MOVEMENT TO NEXT PHASE.

( ) Decision Seat:

The Unit Team and the primary counselor will review the above behavioral intervention on 3/28/06
While on a learning experience, you are not eligible for a phase change. Failure to comply with the above behavioral intervention may result in program discharge.

Individual's Signature / Date          Primary Counselor's Signature
Supervisor's Signature   MSW CADC

# CiviGenics  Key/Crest/Aftercare Correctional Recovery Programs

April 3, 2006

                                            Civigenics – DE State Office
                                                          300 Water St.
                                                          Dover DE, 19904

Raymond Bruton (SBI # 069025)
Howard R. Young Correctional Institution
1301 East 12th Street
Wilmington, DE 19802

Dear Mr. Bruton,

       The Civigenics State office in Delaware is in receipt of your letter on 3/31/06.
       A copy of your correspondence has been forwarded to the appropriate program director at the site for appropriate review and response.
       As indicated in the Conflict Resolution Policy, all complaints must be first forwarded to your counselor, then to the Clinical Supervisor and finally to the Program Director, before any response by the State Director.
       Upon the State office's receipt of a response from the Program Director, and depending on the merits or issues outlined in your complaint, a response may be generated to address or resolve your concerns.
       Thank you and best of luck in your recovery efforts.

Sincerely,

Russel D. Buskirk, LCSW, LCDP, CADC, NCGC1
DE State Director – Civigenics, Inc.

cc: Jay Sylvester, Program Director, Key North

302 577 3266        Public Defenders Office                              07:47:41   05-03-2007        13 /32



Raymond L. Bruton
SBI# 069025 Unit Dorm# 1
H.R.Y.C.I.
P.O. Box 9561
Wilmington, DE 19809

March 28, 2006

Mr. Russel Buskirh
State Directory
CiviGenics
300 Waters Street
Dover, DE 19904

RE: Double Jeopardy Being Applied In Punishment:

Dear Mr. Buskirh;

May this letter arrive to find you in Peace.

On 3/20/06 Counselor Dough Petiford and Supervisor Kathy Doatelli, was informed there had been a problem in the Key Program on Thursday, March 16, 2006, and Saturday, March 18, 2006, by residents, top of the house.

However, counselor Mclean, and Counselor Neal had satisfied the CiviGenic approach to alternative corrective measure, by dealing with the situation and recording in the log book, as require by CiviGenic, each and everyday of business, to let everyone know the situation had been througly investigated and terminated.

Furthermore, all parties involved, Counselor Neal, Counselor Mclean, Resident Kyle, Resident Dunncan, and Resident Bruton, in their cubicle all came to an understanding, shook hands, and went on their way.
On Wednesday morning, at moring meeting, Counselor Dough Petiford, called resident Bruton, some rather terrible names and demanded resident to come before the entire Key Program, and recieved his accountability for Disrespect toward another community member, use of profanity.

As such, resident tried to explain his side of the story, which has never been allowed to be accomplish, because, Counselor Dough refused to acknowledge anything resident had to say.

On Sunday morning, March 26, 2006, resident spoke with Counselor Neal, explaining what Counselor Dough and Supervisor Kathy had place on him in the terms of accountability for an incident Ms. Neal had dealt with.

302 577 3266          Public Defenders Office                           07:48:07   05-03-2007        14 /32

Counselor Neal was surprised to find out that Supervisor Kathy and Counselor Dough gave resident accountability for the incident between resident Kyle, resident Dunncan, and resident Bruton.

Counselor Neal further said" she could not understand what has taken place, because she and Counselor Mclean, recorded all their procedure in the daily log book, and for them to do more, she has not the slightest idea why.

Counselor Neal advise me to write to you, requesting your name and address from Director Sylvester, because she did not want to vialate any procedure, which I have done, and your name and address was given to me by Counselor Dough on Monday, March 27, 2006.

I'm praying that you will step into this process and give your opinion as a final resolution to my complaint.

Resident will be awaiting a reply to this letter, thanks.

                                                        Sincerely Yours,

                                                        Raymond L. Bruton

# Howard R. Young Correctional Institution
## Inter-Dept. Memo

TO: Raymond Bruton, Dorm #1

FROM:     Sgt. M. Moody, Inmate Grievance Chair

DATE: 4/7/06

RE:       GRIEVANCE # 06-29806

Please be advised that your grievance has been received in the office of the Grievance Chair regarding _Counsellor Petiford_.

If no one contacts you for an informal resolution or if your grievance can not be resolved informally, you will automatically be scheduled for a grievance hearing before the Resident Grievance Committee (RGC). Please keep in mind your grievance is only one of numerous others received in this office on a daily basis.

Thank you for your patience.

FORM #584

GRIEVANCE FORM

FACILITY: H.R.Y.C.I.                           DATE: March 22, 2006

GRIEVANT'S NAME: Raymond L. Beaton             SBI#: 069025

CASE#: _____                             TIME OF INCIDENT: 9:30 AM

HOUSING UNIT: Dorm #1

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED IN THE INCIDENT OR ANY WITNESSES.

On Wednesday morning, counselor Dough accused I/m Beaton of many violations of the Key Program, and never allowed resident to address any of his accusation. Resident Beaton was in phase 3 with approximate 2 months to go, he was placed in phase #1 without any attempt of obtaining his side of a found issue.
All the men involved in this situation was white and Resident states this is not the way it should go.
Resident was placed on violations of rules that were dismissed by counselor McLean and counselor Neal. A lynching was held this morning in the Key Program, and it was meant to destroy Resident Beaton.

ACTION REQUESTED BY GRIEVANT: Investigate why counselor Dough tried to assassinate Resident Beaton character and lied on resident without allowing resident to defend himself in any way. Investigate how counselor McLean and counselor Neal had dismissed these incidents and counselor Dough and super visor Battey ignored that procedure and ganly up on me.

GRIEVANT'S SIGNATURE: Raymond L. Beaton          DATE: March 22, 2006

WAS AN INFORMAL RESOLUTION ACCEPTED?   ____(YES)   ____(NO)

(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE: _____        DATE: _____

IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.

cc: INSTITUTION FILE
    GRIEVANT

April '97 REV

IV. STATEMENT OF CLAIM

(State as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets of paper if necessary.)

1. _____See Attached Statement of Claim:_____

2. _____See Attached Statement of Claim:_____

3. _____See Attached Statement of Claim:_____

V. RELIEF

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. _Plaintiff respectfully request of the Court to be compensated and request puntive damages against the defendants for the violation of the 5th Amendment which twice put Plaintiff in jeopardy of life or limb and was deprived of due process._

3

2.     Furthermore, under the VIII Amendment Plaintiff was treated with cruel and unusual punishment.

3.     And finally, defendants denied Plaintiff in the Key Program North, of life, Liberty or property, without due process of law, and denied Plaintiff within its jurisdiction the equal protection of the law.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _5_ day of _December_, 2006

_Raymond L. Bruton_
(Signature of Plaintiff 1)

_____
(Signature of Plaintiff 2)

_____
(Signature of Plaintiff 3)

4