**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| RAYMOND L. BRUTON, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 06-743- SLR |
| | ) | |
| v. | ) | |
| | ) | |
| COUNSELOR DOUGH PETIFORD, | ) | TRIAL BY JURY |
| SUPERVISOR KATHY DOATELLI, | ) | OF SIX DEMANDED |
| DIRECTOR JAY SYLVESTER, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS, DOUGH PETIFORD, KATHY DOATELLI AND JAY SYLVESTER'S,**
**MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS**
**PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)**

Defendants, Dough Petiford, Kathy Doatelli and Jay Sylvester, move this Court to

dismiss Plaintiff's Complaint, as a matter of law, and in support thereof, avers as follows:

I.     **BRIEF PROCEDURAL HISTORY**

Pro Se inmate Plaintiff, Raymond L. Bruton, filed a complaint against several defendants,

including Dough Petiford, Kathy Doatelli and Jay Sylvester (hereinafter referred to as "Moving

Defendants") on December 7, 2006, alleging purported violations of his civil rights resulting

from an altercation with another inmate, resulting in disciplinary action against him.  On

December 14, 2006, this Court entered an Order permitting Plaintiff to proceed In Forma

Pauperis.

Thereafter, on April 16, 2007, this Court, following a review of Plaintiff's Complaint

dismissed all claims against all defendants, except for Moving Defendants, Dough Petiford,

Kathy Doatelli and Jay Sylvester.   See, Complaint, a copy of which is attached hereto marked as

Exhibit "A". The Court is permitting claims for purported racial discrimination and equal

protection violations to proceed against Moving Defendants.

II.    **BRIEF FACTUAL HISTORY**

Plaintiff was incarcerated at the Howard R. Young Correctional Center.  On March 16, 2006, Plaintiff had an argument with another inmate.  (Complaint, Statement of Facts ¶1). Plaintiff claims the argument resulted because a disagreement with another inmate, resulting in this inmate's 'attitude toward resident Bruton".  (Complaint, Statement of Facts ¶3).  Both inmates are white and Plaintiff Bruton is African American.  (See, Complaint, Statement of Facts).

During the course of the argument racial comments were directed toward Plaintiff. (Complaint, Statement of Facts ¶ 5).

Plaintiff wrote a grievance following the argument.  He did not receive a reply from Sgt. Moody.  (Complaint, Statement of Facts ¶ 8).  Burton wrote Warden William complaining about the March 21, 2006 incident. Mr. Bruton was advised that the complaint was sent to Defendant Sylvester on March 28, 2006 (Complaint, Statement of Facts ¶ 9).   Mr. Sylvester also wrote to State Director Buskirk regarding Double Jeopardy issues.  (Complaint, Statement of Facts ¶ 10).

Plaintiff also relates a conversation he had with Defendant Sylvester, whereby Mr. Bruton walked with Mr. Sylvester to Dorm #1.  As they walked, Defendant Sylvester, in responding to Mr. Bruton's question why the incident was going to be resolved in the resident's favor responded "It's about you, not about someone else" and then also advised to "work through it". (Complaint, Statement of Facts ¶ 11).

As of April 3, 2006, Plaintiff was still on the "LE" yet others who were on "LE" for far less–and more, were off the "LE".  (Complaint, Statement of Facts ¶ 12).

Plaintiff claims that Defendant Dough checked his essays, keeping him on the LE. However, the Department of Corrections moved him to Dorm #2, for no apparent reason. (Complaint, Statement of Facts ¶ 13).

On April 5, 2006, Supervisor Frank removed Plaintiff from the LE and placed in him in orientation for one week.  (Complaint, Statement of Facts ¶ 14).

Plaintiff claims that no 'accountability' was placed on the other inmates resulting from the March incident, claiming the matter was handled 'very racist and discriminatory" toward Plaintiff.  This includes "intimidation by c/o Burns, and this Key Program, reeks of racial discrimination toward the black residents."  (Complaint, Statement of Facts ¶ 15).

Plaintiff alleges that the 'grievance is going to run its course, resident will not sign off on it."  (Complaint, Statement of Facts ¶17).

III.    **LEGAL ANALYSIS**

A.    **Legal Standard**

In determining whether a motion to dismiss should be granted, a district court must accept as true, "all factual allegations in the Complaint and all reasonable inferences that can be drawn from them."  Ransom v. Marrazzo, 848 F.2d 398, 401 (3rd Cir. 1988).  The court should grant the motion to dismiss if, "no relief could be granted under any set of facts which could be proved."  Id.  (Citing D.P. Enterprises v. Bucks County Community College, 725 F.2d 943, 944 (3rd Cir. 1984)).  Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.  Thomas v. Ford Motor Company, 70 F.Supp.2d 521 (E.D. 1999) (citing Neitzke v. Williams, 490 U.S. 319, 326-327 (1989).

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the

case.  <u>Kost v. Kozakiewicz</u>, 1 F.3d 183 (3d Cir. 1993).  In particular, the Court looks to "whether

sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide

defendants with adequate notice to frame an answer."  <u>Colburn v. Upper Darby Township</u>, 838

F.2d 663, 666 (3rd Cir. 1988).  However, the Court need not "credit a complaint's 'bald

assertions' or 'legal conclusions' when deciding a motion to dismiss."  <u>Morse v. Lower Merion

School District</u>, 132 F.3d 902, 906 (3rd Cir. 1997).

Defendants Dough, Petiford and Sylvester assert that Plaintiff's Complaint, taking the

allegations as true for purposes of this motion, without admitting the same, fail to state a claim

upon which relief may be granted.  Therefore, for the reasons set forth below, Plaintiff's claims

should be dismissed as a matter of law.

**B.      Plaintiff Failed to Exhaust His Administrative Remedies As
          <u>Required By The Prison Litigation Reform  Act</u>**

Pursuant to the Prison Litigation Reform Act, prisoners must exhaust "such

administrative remedies as are available" before bringing actions "with respect to their prison

conditions."  42 U.S.C. § 1997e(d)(2).  In an opinion authored by Justice Ginsburg, the United

States Supreme Court held that this exhaustion requirement applies to all inmate suits seeking

redress for prison circumstances or occurrences, whether the suits involved general

circumstances or particular episodes, and whether the suits alleged excessive force, actual

physical prison conditions, or some other alleged wrongdoing.  <u>Correction Officer Porter, et. al.

v. Nussle,</u> 534 U.S. 516 (2002).  The exhaustion requirement is <u>mandatory</u>.  <u>Id.</u>  Moreover,

*exhaustion* of administrative remedies means completing <u>all available appeals</u>, even if prison

officials do not respond.  <u>See</u> <u>Davis v. Warman</u>, et. al., 49 Fed. Appx. 365, 366 (3d Cir. 2002);

<u>Brown v. Morgan</u>, F.3d 595, 596  (6th Cir. 2000).

Taking the facts as alleged by Plaintiff as true, for purposes of this motion only, without admitting the same, Plaintiff claims that he complained about the incident which was sent to Defendant Sylvester for a response. He also wrote to State Director Buskirk. He later states that the grievance "is going to run its course, resident will not sign off on it".

Plaintiff has failed to pursue the administrative process, <u>through appeal</u>. In fact, Plaintiff has plead that he will not 'sign off on it', and therefore, is thwarting the administrative process. Because he has not exhausted his administrative remedies, through appeal, his Complaint must be dismissed, as a matter of law. See, <u>Davis,</u> supra.

**C.    Plaintiff's Claims for Equal Protection/Race Discrimination Should be Dismissed as a Matter of Law.**

Plaintiff makes a claim for purported violations of the Equal Protection clause due to his race – African American. As succinctly set forth by Judge Farnan in a recent decision:

> "Prisoners are protected under the *Equal Protection* clause of the Fourteenth Amendment from invidious discrimination based on race." *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed. 2d 935 (1974). In order to raise a valid equal protection claim, a plaintiff must show that "he has been treated differently from others with whom he is similarly situated and that the unequal treatment was a result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). To demonstrate a violation of the *Equal Protection* clause, a plaintiff must show more than discriminatory impact. See *Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 264-65, 97 S.Ct. 555, 50 L.Ed. 2d 450 (1977). "[A] official act is not unconstitutional solely because it has a racially disproportionate impact." *Williams v. Federal Bureau of Prisons and Parole Comm'n*, 85 Fed.Appx. 299, 305 (3rd Cir. 2004) (citations omitted).

<u>Dickens v. Commissioner Stan Taylor, et al.</u>, 464 F.Supp.2d 341 (D.Del. 2006).

A review of Plaintiff's Complaint fails to reveal any allegations, even taken as true, of intentional or purposeful discrimination directed to Mr. Bruton. For example, Plaintiff claims, as a result of the altercation with the two white residents, that he is being discriminated against as

he is being held accountable, yet the other (white) residents did the same thing but "nothing is being said or done to them". (See Complaint, Statement of Facts). Plaintiff then alleges that "the matter was handle very racist and discriminatory toward Petitioner, which was blatent and outrageous violations." (See Complaint, Statement of Facts). He also alleged that while he was still in LE, several others, with "far less and more" were off LE. (See Complaint, Statement of Facts). Additionally, Plaintiff alleges that Defendant Sylvester stated "it's about you, not about someone else". (See Complaint, Statement of Facts).

Plaintiff simply sets forth bald allegations that his treatment was racist and discriminatory, yet fails to set forth any specific allegations that the actions taken were intentional or purposeful. Even Director Sylvester's comment fails to evidence any intentional or purposeful conduct to discriminate against Plaintiff. Furthermore, Plaintiff has not set forth any allegations to support that he was treated differently than others – similarly situated. Finally, as noted above, an act is not unconstitutional simply because it has a racially disproportionate impact. See, Williams, supra. Accordingly, just because the result appears racially disproportionate does not support a finding of unconstitutional activity.

Furthermore, there are no allegations set forth against Defendant Petiford in the body of the complaint. Accordingly, all claims against her must be dismissed, with prejudice. The only allegation against Defendant Dough is that he checked the residents "essays" and kept Plaintiff on the LE. There are no allegations that his conduct was racially motivated.

Taking Plaintiff's allegations as true, for purposes of this motion only, without admitting the same, Plaintiff's Complaint fails to set forth a meritorious claim for a purported violation of the equal protection clause, and therefore, must be dismissed, as a matter of law.

IV.    **<u>CONCLUSION</u>**

For all of the foregoing reasons, Defendant's Motion to Dismiss should be granted, as a matter of law, and, Plaintiff's claims against Defendants Dough Petiford, Kathy Doatelli and Jay Sylvester should be dismissed as a matter of law, with prejudice.

Reger Rizzo Kavulich & Darnall LLP


By:    <u>*/s/ Rochelle Libid Gumapac*</u>
Rochelle Libid Gumapac, Esquire
Bar I.D. No. 4866
Suite 202
1001 Jefferson Street
Wilmington, DE 19801
(302) 652-3611 (phone)
(302) 652-3620 (fax)
rgumapac@rrkdlaw.com
Attorneys for Defendant,
Jay Sylvester

Dated: June 15, 2007

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

RAYMOND L. BRUTON,                          )
                                            )
                        Plaintiff,          )        C.A. No.: 06-743- SLR
                                            )
            v.                              )
                                            )
COUNSELOR DOUGH PETIFORD,                   )        TRIAL BY JURY
SUPERVISOR KATHY DOATELLI,                  )        OF SIX DEMANDED
DIRECTOR JAY SYLVESTER,                     )
                                            )
                        Defendants.         )

### ORDER

AND NOW, this ____ day of _____, 2007, upon consideration of Defendants,

Dough Petiford, Kathy Doatelli and Jay Sylvester's Memorandum of Law in Support of their

Motion to Dismiss Plaintiff's Complaint Pursuant to F.R.C.P. 12(b)(6) and Plaintiff's response

thereto, if any, it is hereby ORDERED and DECREED that said Motion is GRANTED and

Plaintiff's Complaint is dismissed, with prejudice.

By The Court:

_____
J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RAYMOND L. BRUTON, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 06-743- SLR |
| | ) | |
| v. | ) | |
| | ) | |
| COUNSELOR DOUGH PETIFORD, | ) | TRIAL BY JURY |
| SUPERVISOR KATHY DOATELLI, | ) | OF SIX DEMANDED |
| DIRECTOR JAY SYLVESTER, | ) | |
| | ) | |
| Defendants. | ) | |

### CERTIFICATE OF SERVICE

I, Rochelle Gumapac, Esquire hereby certify that on the 15th day of June 2007 a true and correct copy of Defendants Dough Petiford, Kathy Doatelli and Jay Sylvester's Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's Complaint Pursuant to F.R.C.P. 12(b)(6) was served electronically and via first class mail, postage prepaid, upon:

Raymond L. Bruton
SBI #069025
Unit 2-Q-21
H.R.Y.C.I.
PO Box 9561
Wilmington, DE 19809


Reger Rizzo Kavulich & Darnall LLP

By:    */s/ Rochelle Libid Gumapac*
Rochelle Libid Gumapac, Esquire
Bar I.D. No. 4866
Suite 202
1001 Jefferson Street
Wilmington, DE 19801
(302) 652-3611 (phone)
(302) 652-3620 (fax)
rgumapac@rrkdlaw.com
Attorneys for Defendant,
Jay Sylvester

Dated: June 15, 2007

E X H I B I T  "A"

302 577 3266        Public Defenders Office

(Rev. 5/05)

**FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT**
**UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

(1) Raymond L. BRUTON, SBI#069025
   (Name of Plaintiff)      (Inmate Number)

_____
      (Complete Address with zip code)

(2)_____
   (Name of Plaintiff)      (Inmate Number)

_____
      (Complete Address with zip code)

(Each named party must be listed, and all names
must be printed or typed.  Use additional sheets if needed)

          vs.

(1)Counselor Dough Petiford

(2)Supervisor Kathy Doatelli

(3)Director Jay Sylvester
      (Names of Defendants)

(Each named party must be listed, and all names
must be printed or typed.  Use additional sheets if needed)

:
:
:
:
:
:

0 6 - 7 4 3

:
:
    (Case Number)
:  ( to be assigned by U.S. District Court)
:
:
:
:
:
:    **CIVIL COMPLAINT**
:
:
:
:   * • Jury Trial Requested
:
:
:
:

**I.    PREVIOUS LAWSUITS**

    A.    If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number
        including year, as well as the name of the judicial officer to whom it was assigned:

       Civil No. 00cv-01032, JJF, 2000 , December

      _____

      _____

      _____

      _____

      _____

302 577 3266        Public Defenders Office                                    07:44:33   05-03-2007        6/32

## Addictional Defendants

Russel D. Buskirk
CiviGenics- Delaware State Office
300 Water Street
Dover Delaware 19904


Warden Raphael Williams
H.R.Y.C.I
PO Box 9561
Wilmington, DE 19809


Mr. Stanley Taylor
Commissioner OF Prison
245 Mckee Road
Dover, DE 19904

**II.    EXHAUSTION OF ADMINISTRATIVE REMEDIES**

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A.    Is there a prisoner grievance procedure available at your present institution?  • •Yes  • •No

B.    Have you fully exhausted your available administrative remedies regarding each of your present claims?  • •Yes  • •No

C.    If your answer to "B" is Yes:

    1.  What steps did you take? Wrote a Grievance, Wrote to Warden Raphael Williams, Wrote to State Director Russel D. Buskirk, and Wrote to Director Jay Sylvestor
    2.  What was the result? _____

D.    If your answer to "B" is No, explain why not: _____

**III.    DEFENDANTS (in order listed on the caption)**

(1)  Name of first defendant: Counselor Dough Petiford

    Employed as Counselor, Sr.,          at H.R.Y.C.I.

    Mailing address with zip code: P.O. Box 9561, Wilmington, DE 19809

(2)  Name of second defendant: Kathy Doatelli

    Employed as Supervisor          at H.R.Y.C.I.

    Mailing address with zip code: P.O. Box 9561, Wilmington, DE 19809

(3)  Name of third defendant: Jay Sylvester

    Employed as Director Key Program  at H.R.Y.C.I.

    Mailing address with zip code: P.O. Box 9561, Wilmington, DE 19809

(List any additional defendants, their employment, and addresses with zip codes, on extra sheets if necessary)

2

### Statement OF Facts

On March 16, 2006, on a Thursday Evening during Petitioners stay in the Key Program, located at H.R.Y.C.I., resident Raymond L. Bruton and resident Kyle Pianka had an argument at the deep sink were all the residents wash their bowls, get their hot water, and wash their laundry.

On this particular evening, resident Bruton was shaving his head, using the main faucet and resident Kyle Pianka approached to use the 190 faucet to heat up his soup.

Because of a disagreement with another resident James Duffy, resident Kyle had an attitude toward resident Bruton, all the above residents are white, except resident Bruton.

Resident Kyle told a white resident," excuse me he wanted to use the hot water faucet, and saw resident Bruton using the other side of the sink, an having this resentment against Bruton, he deliberately ignored resident Bruton and push his bowl under the hot water faucet preceeding to obtain his water.

Resident Bruton observe all of the movement, an said" why did n't you say excuse me to him", and Kyle immediately began to argue. They both started to argue, " saying each other was wrong and the other was not right, they both said" I could call you a Nigger, for the way that your acting, and the other said" I could call you a cracker for the way that you are acting.

Resident Bruton decided enough was enough and told resident Kyle in such words, and demanded that they both had said enough.

After about 3to5 minutes of arguing, it was over, however, the bystanders, one in particular, resident Carl Howser, was in-flamed about the arghment, his anger was beyond control.

Resident Bruton wrote a Grievance, resident has not recieved a reply from Sgt, Moody.

Resident Bruton, wrote Warden Raphael Williams IV complaing about the incident which happened on March 21, 2006,. Resident recieved a Memorandum from the Warden advising resident his compl- aint was sent to Director Jay Sylvester for a response on March 28, 2006.

Resident further wrote to State Director Russel Buskirh of CiviGenics, com
plaining about the Double Jeopardy being applied in the Punishment resident re-
cieved on March 22, 2006, and the reciept of the Punishment and Discrimination
and racism for not including resident Duncan and resident Kyle, whom are white
resident in the Key Program, whom are directly involved.

On Thursday morning, resident was in the law library working on his case
when Director Jay Sylvestor knock on the library door, once let in , he told
resident Bruton to come along with him, resident was leaving his legal work on
the table, Director Sylvestor furbher said" you better not leave your paper
work, resident took his legal work along with Director Sylvestor, as they prec-
eeded  to Dorm# 1. As, resident walk with Director Sylvestor, resident asked D
Director Sylvestor, why did he tell resident the incident was going to be re-
solved in the residents favor, canceling  the LE resident had recieved, Direct
or Sylvestor said" Its about you, not about someone else, as I complained as w
we walked toward the Dorm# 1. Resident said " no one else recieved any Account
ability, Director Sylvestor further said" Work through it", resident said"
what about the other men which are white, Resident states he is being discrim-
inated against while he's being held accountable and they did the exact same-
thing and nothing is being said or done to them. They are being patted on the
back for a job well done.

As, of April 3, 2006, resident is still on the LE and and several men which
were on LE'S for far less and more, which were placed on the LE on the same
date are off.

Counselor Dough checked residents Essays an the LE work and still kept him
on the LE and finally around the hour 10 or 10:30 AM, DOC moved resident to
Dorm# 2 , for absolutely nothing. AS this statement of Facts are being pre-
pared, resident is sitting on the top bunk in Dorm# 2.

And, on April 5, 2006, Supervisor Frank, removed Petitioner from the LE
and  placed resident in Orientation for one week, then one week, phase 1, one
week in phase 2, then back in phase 3, where Petitioner was originally on
March 20, 2006.

No accountability was placed upon any of the residents which were involved in the incident, Bruton, Kyle and Duncan were in. Therefore, Petitioner states this matter was handle very racist and discriminatory toward Petitioner, which was blatant and outrageous violations, as far as his civil rights are concern. Including intimindation by c/o Burns, and this Key Program, reeks of racial discrimination toward the black residents.

On Monday April 10, 2006, resident Bruton wsa releaved of going to Orientation and was placed back into Phase 3 where resident was on March 20, 2006,. Resident week of Orientation ended and the Supervisor here in Dorm# 2 cancelled all of the remaining accountability.

On Tuesday, April 11, 2006, Director Jay Sylvestor, came to the dorm# 2 , to discuss the Grievance resident Bruton wrote on March 22, 2006,.

The Grievance is going to run its course, resident will not sign off on it.

Counselor Dough is now in Dorm# 2, at this moment, first time resident has ever seen him hanging around Dorm# 2, the entire 8 months resident has been in the Key Program.

Raymond L. Bruton
SBI# 069025 Unit Dorm#2
H.R.Y.C.I.
P.O. Box 9561
Wilmington, DE 19809

Dated: December 5, 2006

# Learning Experience Form

Name: RAYMOND BRUTON  SBI #: _____  Phase: III

Behavior Observed By: D PETTIFORD  Date & Time: 3/20/06

Describe the Unacceptable Behavior:

DISRESPECT TOWARD ANOTHER
COMMUNITY MEMBER. USE OF PROFANITY.

## Behavior Intervention Section

This section is be completed by primary counselor in constitution with unit team.  ALL LEARNING
EXPERIENCES MUST BE APPROVED BY THE PROGRAM DIRECTOR PRIOR TO IMPLEMENTATION.

Behavioral Intervention Options: (check/describe all that applies)

(✓) Workaround: TO INTERVIEW 20 PEERS. DOCUMENT EACH, ASKING FOR ADVICE/SUGGESTION ON HOW TO BE MORE RESPECTFUL IN THE COMMUNITY. (READ).

(✓) Extra Work Detail: COMPLETE 20 HRS. OF COMMUNITY SERVICE. TOP TO MONITOR.
COMPLETE A 500 WORD ESSAY TOPIC: WHY I SHOULD RESPECT MY PEERS.

( ) Announcement: READ TO ENTIRE COMMUNITY. (MAT.)

( ) Growth Report:

(✓) Restriction: NO BOARD GAMES, CARDS OR T.V.
NO LAYING DOWN DURING REFLECT TIME ALSO NO COMMISSARY ON 3/28/06. 3/28/06

(✓) Setback: RETURN TO PHASE I UNTIL FURTHER NOTICE. RETAKE EACH TEST FOR MOVEMENT TO NEXT PHASE.

( ) Decision Seat:

The Unit Team and the primary counselor will review the above behavioral intervention on 3/28/06.
While on a learning experience, you are not eligible for a phase change.  Failure to comply with the above behavioral
intervention may result in program discharge.

_____    _____
Individual's Signature        Date        Primary Counselor's Signature

_____
Supervisor's Signature    MSW CANC

302 577 3266        Public Defenders Office                                    07:47:18   05-03-2007        12 /32

# *CiviGenics* Key/Crest/Aftercare Correctional Recovery Programs

April 3, 2006

Civigenics – DE State Office

300 Water St.

Dover DE, 19904

Raymond Bruton (SBI # 069025)

Howard R. Young Correctional Institution

1301 East 12th Street

Wilmington, DE 19802

Dear Mr. Bruton,

The Civigenics State office in Delaware is in receipt of your letter on 3/31/06.

A copy of your correspondence has been forwarded to the appropriate program director at the site for appropriate review and response.

As indicated in the Conflict Resolution Policy, all complaints must be first forwarded to your counselor, then to the Clinical Supervisor and finally to the Program Director, before any response by the State Director.

Upon the State office's receipt of a response from the Program Director, and depending on the merits or issues outlined in your complaint, a response may be generated to address or resolve your concerns.

Thank you and best of luck in your recovery efforts.

Sincerely,

Russel D. Buskirk, LCSW, LCDP, CADC, NCGC1

DE State Director – Civigenics, Inc.

cc: Jay Sylvester, Program Director, Key North

Delaware State Administrative Office
300 Water Street, Dover, DE 19904
(302) 739-1537 • Fax: (302) 739-1536

302 577 3266      Public Defenders Office

07:47:41    05-03-2007    13 /32



Raymond L. Bruton
SBI# 069025 Unit Dorm# 1
H.R.Y.C.I.
P.O. Box 9561
Wilmington, DE 19809

March 28, 2006

Mr. Russel Buskirh
State Directory
CiviGenics
300 Waters Street
Dover, DE 19904

RE: Double Jeopardy Being Applied In Punishment:

Dear Mr. Buskirh;

May this letter arrive to find you in Peace.

On 3/20/06 Counselor Dough Petiford and Supervisor Kathy Do-
atelli, was informed there had been a problem in the Key Program
on Thursday, March 16, 2006, and Saturday, March 18, 2006, by res
idents, top of the house.

However, counselor Mclean, and Counselor Neal had satisfied
the CiviGenic approach to alternative corrective measure, by deal-
ing with the situation and recording in the log book, as require
by CiviGenic, each and everyday of business, to let everyone
know the situation had been througly investigated and terminated.

Furthermore, all parties involved, Counselor Neal, Counselor
Mclean, Resident Kyle, Resident Dunncan, and Resident Bruton, in
their cubicle all came to an understanding, shook hands, and went
on their way.
On Wednesday morning, at moring meeting, Counselor Dough Peti
ford, called resident Bruton, some rather terrible names and de-
manded resident to come before the entire Key Program, and re-
cieved his accountability for Disrespect toward another community
member, use of profanity.

As such, resident tried to explain his side of the story,
which has never been allowed to be accomplish, because, Counselor
Dough refused to acknowledge anything resident had to say.

On Sunday morning, March 26, 2006, resident spoke with Coun-
selor Neal, explaining what Counselor Dough and Supervisor Kathy
had place on him in the terms of accountability for an incident
Ms. Neal had dealt with.

Counselor Neal was surprised to find out that Supervisor Kathy and Counselor Dough gave resident accountability for the incident between resident Kyle, resident Bunncan, and resident Bruton.

Counselor Neal further said" she could not understand what has taken place, because she and  Counselor Mclean, recorded all their procedure in the daily log book, and for them to do more, she has not the slightest idea why.

Counselor Neal advise me to write to you, requesting your name and address from Director Sylvester, because she did not want to vidate any procedure, which I have done, and your name and address was given to me by Counselor Dough on Monday, March 27, 2006.

I'm praying that you will step into this process and give your opinion as a final resolution to my complaint.

Resident will be awaiting a reply to this letter, thanks.

Sincerely Yours,

Raymond L. Bruton

302 577 3266      Public Defenders Office                                    07:48:20    05-03-2007      15 /32

## Howard R. Young Correctional Institution
## Inter-Dept. Memo

TO: *Reymond Bruton, Dorm #1*

FROM:        Sgt. M. Moody, Inmate Grievance Chair

DATE: *4/7/06*

RE:            GRIEVANCE # *06 -29806*

Please be advised that your grievance has been received in the office of the

Grievance Chair regarding *Counsellor Petiford*.

If no one contacts you for an informal resolution or if your grievance can not

be resolved informally, you will automatically be scheduled for a grievance

hearing before the Resident Grievance Committee (RGC).  Please keep in

mind your grievance is only one of numerous others received in this office

on a daily basis.

Thank you for your patience.

302 577 3266          Public Defenders Office                              07:48:34    05-03-2007          16 /32

**FORM  #584**

**GRIEVANCE FORM**

FACILITY: _H. R. Y. C I_          DATE: _March 22, 2006_

GRIEVANT'S NAME: _Raymond L. Berton_    SBI#: _069025_

CASE#:_____          TIME OF INCIDENT: _9:30 A M_

HOUSING UNIT: _Dorm #1_

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED
IN THE INCIDENT OR ANY WITNESSES.

On Wednesday morning, counselor Dough accused I/m Berton
of many violations of the Key Program, and never allowed resident
to address any of his accusation. Resident Berton was in phase
3 with approximate (2) months to go, he was placed in phase #1 without
any attempt at obtaining his side of a parol issue.
All the men involved in this situation was white and Resident
states this is not the way it should go.
Resident was placed on violations of rules that were dismissed
by counselor McLean and counselor Neal, A lynching was held
this morning in the Key Program, and it was meant to destroy Resident
Berton.

ACTION REQUESTED BY GRIEVANT: _Investigate why counselor Dough tried_
_to assassinate Residence Berton character and Lieutenant Resident_
_without allowing Resident to defend him self in any way. Investigate_
_how counselor McLean and counselor Neal had dismissed these incidents_
_and counselor Dough and Super visor Rattay ignored that procedure and ganged_
_up on me._

GRIEVANT'S SIGNATURE: _Raymond L. Berton_    DATE: _March 22, 2006_

WAS AN INFORMAL RESOLUTION ACCEPTED?          _____(YES)  _____(NO)

(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE:_____          DATE:_____

IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.

cc: INSTITUTION FILE
    GRIEVANT

April '97 REV

302 577 3266          Public Defenders Office          07:49:04   05-03-2007          17/32

## IV. STATEMENT OF CLAIM

(State as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets of paper if necessary.)

1.          See Attached Statement of Claim:

2.          See Attached Statement of Claim:

3.          See Attached Statement of Claim:

## V.   RELIEF

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

1.          Plaintiff respectfully request of the Court to be compensated and request puntive damages against the defendants for the violation of the 5th Amendment which twice put Plaintiff in jeopardy of life or limb and was deprived of due process.

3

302 577 3266          Public Defenders Office                                              07:49:23    05-03-2007      18/32

2.        Furthermore, under the VIII Amendment Plaintiff was
treated with cruel and unusual punishment.

_____

_____

_____

3.        And finally, defendants denied Plaintiff in the Key
Program North, of life, Liberty or property, without
due process of law, and denied Plaintiff within its
jurisdiction the equal protection of the law.

_____

I declare under penalty of perjury that the foregoing is true and correct.


Signed this ___5___ day of __December__, 2006.

__Raymond L. Bruton_____
                    (Signature of Plaintiff 1)

_____
                    (Signature of Plaintiff 2)

_____
                    (Signature of Plaintiff 3)


4